Keith J. Miller
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ACTELION PHARMACEUTICALS LTD and ACTELION PHARMACEUTICALS US, INC., <br><br> Plaintiffs, <br> v. <br><br> MSN LABORATORIES PRIVATE LIMITED and MSN PHARMACEUTICALS INC., <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(Filed Electronically)** |

Plaintiffs Actelion Pharmaceuticals Ltd ("Actelion Ltd") and Actelion Pharmaceuticals US, Inc. ("Actelion Inc.") (collectively, "Actelion" or "Plaintiffs"), for their Complaint against Defendants MSN Laboratories Private Limited ("MSN Ltd.") and MSN Pharmaceuticals Inc. ("MSN Inc.") (collectively, "MSN" or "Defendants"), hereby allege as follows:

## THE PARTIES

1.      Plaintiff Actelion Ltd is a Swiss corporation having a primary place of business at Gewerbestrasse 16, CH-4123 Allschwil, Switzerland.

2.      Plaintiff Actelion Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

3.      Upon information and belief, Defendant MSN Ltd. is an entity organized and existing under the laws of India, with a principal place of business at MSN House, Plot No: C-24 Industrial Estate, Sanathnagar, Hyderabad 500018, Telangana, India.

4.      Upon information and belief, Defendant MSN Inc. is an entity organized and existing under the laws of the State of Delaware, with a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

5.      Upon information and belief, MSN Inc. is a wholly-owned subsidiary of MSN Ltd.

6.      Upon information and belief, MSN Inc. and MSN Ltd. collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products.  Upon further information and belief, MSN Inc. and MSN Ltd. are agents of each other and/or operate in concert as integrated parts of the same business group.

## JURISDICTION AND VENUE

7.      This is a civil action for infringement of United States Patent No. 7,094,781 ("the '781 patent" or "the patent-in-suit").  This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and 35 U.S.C. § 271.  This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

9.     Upon information and belief, MSN Ltd., either directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

10.     Upon information and belief, MSN Inc. develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

11.     Upon information and belief, MSN Ltd., through its wholly-owned subsidiary MSN Inc., maintains a regular place of business in New Jersey.

12.     Upon information and belief, MSN Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0400627791.

13.     Upon information and belief, MSN Inc. is registered with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5006107.

14.     Upon information and belief, MSN Inc. is an agent for MSN Ltd. with regard to Abbreviated New Drug Application ("ANDA") No. 211136, for which MSN has sought approval from the United States Food and Drug Administration ("FDA").

15.     MSN sent a letter dated May 9, 2023 ("May 9, 2023 Notice Letter") to Actelion, stating that MSN Ltd. filed ANDA No. 211136, seeking approval from the FDA to commercially manufacture, use, or sell generic macitentan 10 mg oral tablets ("the ANDA Product") in the United States (including, upon information and belief, in the State of New Jersey) prior to the expiration of the '781 patent.

16. The May 9, 2023 Notice Letter represented that ANDA No. 211136 included a certification under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) ("Paragraph IV Certification") with respect to the '781 patent.

17. MSN Ltd. sent the May 9, 2023 Notice Letter to Actelion Inc.'s business location in the State of New Jersey.

18. Upon information and belief, MSN Ltd., together with its agent MSN Inc., filed or caused to be filed ANDA No. 211136 with the FDA.

19. MSN Ltd. and MSN Inc. have each committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement, including acts in the State of New Jersey, that have led to foreseeable harm and injury to Actelion in the State of New Jersey.

20. Upon information and belief, MSN Ltd. and MSN Inc. will act in concert with each other with respect to the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

21. This Court has personal jurisdiction over MSN Ltd. because, *inter alia*, MSN Ltd.: (1) maintains regular places of business in New Jersey through its wholly-owned subsidiary MSN Inc.; (2) has purposely availed itself of the privilege of doing business in New Jersey, including directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey directly or indirectly through its subsidiaries, agents, and/or alter egos; (4) upon information and belief, derives substantial revenue from the sale of its products in New Jersey, including directly or indirectly through its subsidiaries, agents, and/or alter egos; and (5) upon information and belief, intends to,

directly or indirectly through its wholly-owned subsidiary and agent MSN Inc., market, sell, or distribute the ANDA Product throughout the United States, including in the State of New Jersey.

22. This Court also has personal jurisdiction over MSN Ltd. because, *inter alia*, it has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction as well as asserting counterclaims in this Judicial District. *See, e.g.*, *Bausch Health Ireland Ltd. f/k/a Valeant Pharmaceuticals Ireland Ltd. et al. v. MSN Labs. Pvt. Ltd. et al.*, Civil Action No. 21-10057 (SRC)(JSA); *Mitsubishi Tanabe Pharma Corp. et al. v. MSN Labs. Pvt. Ltd. et al.*, Civil Action No. 19-18958 (FLW)(DEA); *Chiesi USA, Inc. et al. v. MSN Pharmaceuticals Inc. et al.*, Civil Action No. 19-18564 (MCA)(MAH); *Mitsubishi Tanabe Pharma Corp. et al. v. MSN Labs. Pvt. Ltd. et al.*, Civil Action No. 19-15616 (RMB)(SAK).

23. Alternatively, this Court may exercise jurisdiction over MSN Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (1) Actelion's claims arise under federal law; (2) MSN Ltd. is a foreign entity not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) MSN Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, submitting, directly and/or indirectly through its subsidiaries, agents, and/or alter egos, various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over MSN Ltd. satisfies due process.

24. This Court has personal jurisdiction over MSN Inc. because, *inter alia*, MSN Inc.: (1) has its principal place of business in New Jersey; (2) has employees in the place(s) of business it maintains in New Jersey; (3) has purposely availed itself of the privilege of doing business in New Jersey, including by, *inter alia*, registering with the State of New Jersey's Division of Revenue and Enterprise Services to do business in the State of New Jersey under Business ID

No. 0400627791 and securing a New Jersey manufacturer's and wholesale drug distributor's license under Registration No. 5006107; (4) maintains pervasive, continuous, and systematic contacts with New Jersey; (5) upon information and belief, develops, manufactures, and/or imports generic pharmaceutical products for sale and use throughout the United States, including in the State of New Jersey; and (6) upon information and belief, intends to, directly or indirectly, market, sell, or distribute the ANDA Product throughout the United States, including in New Jersey.

25.    This Court also has personal jurisdiction over MSN Inc. because, *inter alia*, it has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District.  *See, e.g.*, *Bausch Health Ireland Ltd. f/k/a Valeant Pharmaceuticals Ireland Ltd. et al. v. MSN Labs. Pvt. Ltd. et al.*, Civil Action No. 21-10057 (SRC)(JSA); *Actelion Pharmaceuticals Ltd et al. v. MSN Pharmaceuticals Inc. et al.*, Civil Action No. 20-3859 (RMB)(KMW); *Merck Sharp & Dohme BV et al. v. MSN Labs. Pvt. Ltd. et al.*, Civil Action No. 20-3314 (CCC)(MF); *Mitsubishi Tanabe Pharma Corp. et al. v. MSN Labs. Pvt. Ltd. et al.*, Civil Action No. 19-18958 (FLW)(DEA); *Chiesi USA, Inc. et al. v. MSN Pharmaceuticals Inc. et al.*, Civil Action No. 19-18564 (MCA)(MAH); *Mitsubishi Tanabe Pharma Corp. et al. v. MSN Labs. Pvt. Ltd. et al.*, Civil Action No. 19-15616 (RMB)(SAK).

26.    Venue is proper in this Court as to MSN Ltd. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, MSN Ltd. is a foreign entity and may be sued in any judicial district in the United States in which MSN Ltd. is subject to the court's personal jurisdiction.  Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

27.    Venue is proper in this Court as to MSN Inc. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, MSN Inc. has a principal place of business in New

Jersey, and has committed and will commit further acts of infringement in this Judicial District. Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

## THE PATENT-IN-SUIT

28.     Actelion Inc. holds approved New Drug Application ("NDA") No. 204410, under which the FDA granted approval on October 18, 2013 for macitentan 10 mg oral once-a-day tablets, marketed in the United States under the trade name OPSUMIT®.

29.     OPSUMIT® (macitentan), approved in NDA No. 204410, is indicated for the treatment of pulmonary arterial hypertension (PAH, WHO Group I) to reduce the risks of disease progression and hospitalization for PAH.

30.     Actelion Inc. markets and sells OPSUMIT® in the United States.

31.     Actelion Ltd owns the '781 patent, titled "Sulfamides and Their Use as Endothelin Receptor Antagonists." The '781 patent duly and legally issued on August 22, 2006. A copy of the '781 patent is attached as Exhibit A.

32.     Pursuant to 21 U.S.C. § 355(b)(l), the patent-in-suit is listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book"), as covering Actelion's OPSUMIT® brand macitentan tablets.

## ACTS GIVING RISE TO THE ACTION

33.     Upon information and belief, MSN has submitted ANDA No. 211136 to the FDA, seeking FDA approval for the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

34.     Upon information and belief, prior to about October 10, 2017, MSN was aware of the '781 patent.

35.     Upon information and belief, on or about October 10, 2017, MSN Ltd., together with its agent MSN Inc., submitted ANDA No. 211136 to the FDA.

36.     Upon information and belief, when MSN Ltd., together with its agent MSN Inc., submitted ANDA No. 211136 to the FDA on about October 10, 2017, the ANDA included a certification under § 505(j)(2)(A)(vii)(III) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) with respect to the '781 patent ("Paragraph III Certification").

37.     Upon information and belief, at the time MSN submitted the Paragraph III Certification, MSN did not possess an opinion supported by facts and law that one or more claims of the '781 patent were invalid.

38.     Upon information and belief, at some time between about October 10, 2017 and May 9, 2023, MSN converted the Paragraph III Certification to the Paragraph IV Certification with respect to the '781 patent.

39.     Upon information and belief, at some time prior to about May 9, 2023, MSN Ltd. was aware of the Consent Judgment (D.I. 145) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Amneal Pharmaceuticals LLC admitted that the claims of the '781 patent are valid and enforceable.

40.     Upon information and belief, at some time prior to about May 9, 2023, MSN Inc. was aware of the Consent Judgment (D.I. 145) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Amneal Pharmaceuticals LLC admitted that the claims of the '781 patent are valid and enforceable.

41.     Upon information and belief, at some time prior to about May 9, 2023, MSN Ltd. was aware of the Consent Judgment (D.I. 44) in *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), in which Aurobindo

Pharma USA Inc. and Aurobindo Pharma Limited admitted that the claims of the '781 patent are valid and enforceable.

42.    Upon information and belief, at some time prior to about May 9, 2023, MSN Inc. was aware of the Consent Judgment (D.I. 44) in *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), in which Aurobindo Pharma USA Inc. and Aurobindo Pharma Limited admitted that the claims of the '781 patent are valid and enforceable.

43.    Upon information and belief, at some time prior to about May 9, 2023, MSN Ltd. was aware of the Consent Judgment (D.I. 169) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Zydus Pharmaceuticals (USA) Inc. admitted that the claims of the '781 patent are valid and enforceable.

44.    Upon information and belief, at some time prior to about May 9, 2023, MSN Inc. was aware of the Consent Judgment (D.I. 169) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Zydus Pharmaceuticals (USA) Inc. admitted that the claims of the '781 patent are valid and enforceable.

45.    Upon information and belief, at some time prior to about May 9, 2023, MSN Ltd. was aware of the Consent Judgment (D.I. 15) in *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), in which Laurus Labs Limited and PharmaQ, Inc. admitted that the claims of the '781 patent are valid and enforceable.

46.    Upon information and belief, at some time prior to about May 9, 2023, MSN Inc. was aware of the Consent Judgment (D.I. 15) in *Actelion Pharmaceuticals Ltd v. Laurus Labs*

*Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), in which Laurus Labs Limited and PharmaQ, Inc. admitted that the claims of the '781 patent are valid and enforceable.

47.     Separate and apart from certain contentions regarding patent validity, the May 9, 2023 Notice Letter does not identify any factual basis for, or any opinion of, noninfringement of Claims 1, 5-9, and 11 of the '781 patent.

48.     The ANDA Product for which MSN seeks FDA approval in ANDA No. 211136 includes macitentan as the active ingredient.

49.     The chemical name of the compound macitentan is one of the chemical names recited in Claim 11 of the '781 patent.

50.     MSN did not comply with its affirmative duty of care in making the Paragraph IV Certification with respect to the '781 patent under *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347-48 (Fed. Cir. 2000).

51.     Actelion commenced this action within 45 days of the date of Actelion's receipt of the May 9, 2023 Notice Letter.

## INFRINGEMENT

52.     Actelion re-alleges paragraphs 1-51 as if fully set forth herein.

53.     By seeking approval of ANDA No. 211136 to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product prior to the expiration of the patent-in-suit, MSN has infringed the patent-in-suit under 35 U.S.C. § 271(e)(2)(A).

54.     MSN Ltd. and its agent MSN Inc. are jointly and severally liable for infringement of the patent-in-suit under 35 U.S.C. § 271(e)(2)(A).

55.     Upon information and belief, MSN was aware that the submission of ANDA No. 211136 that included the Paragraph IV Certification with respect to the patent-in-suit to the FDA constituted an act of infringement of the patent-in-suit.

56.     Actelion is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of ANDA No. 211136 be a date that is not earlier than the expiration date of the patent-in-suit, or any later expiration of any patent term extension or exclusivity for the patent-in-suit to which Actelion is or becomes entitled.

57.     If MSN commercially manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, the ANDA Product prior to the expiration of the patent-in-suit, MSN would further infringe the patent-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

58.     MSN Ltd. and its agent MSN Inc. are jointly and severally liable for infringement of the patent-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

59.     Upon information and belief, MSN was aware that the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product before the expiration of the patent-in-suit would constitute an act of infringement of the patent-in-suit.

60.     Actelion is entitled to a declaration that, if MSN commercially manufactures, uses, offers for sale, or sells the ANDA Product within the United States, imports the ANDA Product into the United States, and/or induces or contributes to such conduct, MSN will infringe the patent-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

61.     Actelion will be irreparably harmed by MSN's infringing activities unless those activities are enjoined by this Court.  Actelion does not have an adequate remedy at law.

62.      This is an exceptional case based on, *inter alia*, MSN's failure to comply with the affirmative duty of care in converting its Paragraph III Certification to a Paragraph IV Certification with respect to the '781 patent and propagating invalidity defenses that it knows, or has reason to know, are lacking in an objective good-faith basis in fact and law.

## PRAYER FOR RELIEF

**WHEREFORE**, Actelion requests that the Court grant the following relief:

A.      A Judgment decreeing that MSN has infringed the patent-in-suit by submitting ANDA No. 211136 that included the Paragraph IV Certification with respect to the patent-in-suit;

B.      A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining MSN, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in concert with MSN, from infringing the patent-in-suit by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product claimed in the patent-in-suit;

C.      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of ANDA No. 211136 be a date that is not earlier than the expiration date of the patent-in-suit, or any later expiration of any patent term extension or exclusivity for the patent-in-suit to which Actelion is or becomes entitled;

D.      An award of monetary relief to the extent MSN commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes, induces, or contributes to the infringement of the patent-in-suit within the United States prior to the expiration of the patent-in-suit, including any later expiration of any patent term extension or exclusivity for the patent to which Actelion is or becomes entitled, and that any such monetary relief be awarded to Actelion with prejudgment interest;

E.    An Order decreeing that this case is exceptional, and that Actelion is entitled to reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.    Such other and further relief as the Court may deem just and proper.

Dated:  June 20, 2023

*Of Counsel:*

Bruce M. Wexler
Preston K. Ratliff II
Mi Zhou
Mark Russell Sperling
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By:  *s/ Keith J. Miller*
       Keith J. Miller
       ROBINSON MILLER LLC
       Ironside Newark
       110 Edison Place, Suite 302
       Newark, NJ 07102
       (973) 690-5400
       kmiller@rwmlegal.com

       *Attorney for Plaintiffs*
       *Actelion Pharmaceuticals Ltd and*
       *Actelion Pharmaceuticals US, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

I hereby certify that the matter in controversy involves the plaintiff Actelion Pharmaceuticals Ltd and the patent-in-suit (United States Patent No. 7,094,781) that were at issue in the matters captioned *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), and *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), which were filed on January 31, 2018, July 16, 2019, and October 5, 2020, respectively. Those matters were dismissed by the Hon. Freda L. Wolfson, U.S.D.J. on September 22, 2020, July 15, 2020, and January 22, 2021, respectively.

I further certify that the matters captioned *Actelion Pharmaceuticals Ltd et al. v. Sun Pharmaceutical Indus., Ltd. et al.*, Civil Action No. 23-0116 (SRC)(ESK) (D.N.J.) and *Actelion Pharmaceuticals Ltd et al. v. Alembic Pharmaceuticals Limited et al.*, Civil Action No. 23-01902 (SRC)(ESK) (D.N.J.) are related to the matter in controversy because the matter in controversy involves the same plaintiffs and the patent-in-suit (United States Patent No. 7,094,781), and because MSN is seeking FDA approval to market generic versions of the same pharmaceutical product.

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  June 20, 2023

*Of Counsel:*

Bruce M. Wexler
Preston K. Ratliff II
Mi Zhou
Mark Russell Sperling
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By:  *s/ Keith J. Miller*
     Keith J. Miller
     ROBINSON MILLER LLC
     Ironside Newark
     110 Edison Place, Suite 302
     Newark, NJ 07102
     (973) 690-5400
     kmiller@rwmlegal.com

     *Attorney for Plaintiffs*
     *Actelion Pharmaceuticals Ltd and*
     *Actelion Pharmaceuticals US, Inc.*